UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNTIED STATES OF AMERICA, | No. 2:15-cr-00124-KJM |
| Plaintiff/Respondent, | |
| v. | ORDER |
| EPATI MALAUULU, | |
| Defendant/Petitioner. | |

Defendant Epati Malauulu moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Mot., ECF No. 215-1. The government opposes the motion and moves to dismiss, arguing Malauulu's waiver of his right to collateral attack bars the motion, but to the extent the motion is allowed he fails to show ineffective assistance of counsel. Opp'n, ECF No. 221. With the assistance of court-appointed counsel for purposes of the present motion, Malauulu filed a response. Resp., ECF No. 232. Having considered the motion and the relevant authority, the court DENIES defendant's § 2255 motion.

I.  BACKGROUND

On January 18, 2017, Malauulu pled guilty to Count One of an indictment charging him with conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and

841(a)(1). Plea Agreement at 2, ECF No. 107. On April 26, 2017, the court sentenced Malauulu to 240 months of imprisonment and 60 months of supervised release and ordered him to pay a $100.00 special assessment. Hr'g Minutes, ECF No. 136; Judgment & Commitment ("J&C"), ECF No. 137.

As part of the plea agreement he entered into under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Malauulu expressly agreed to "give up the right to appeal [his] guilty plea, conviction, and the sentence imposed" and the "right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 . . . challenging any aspect of [his] guilty plea, conviction or sentence, except for non-waivable claims." Plea Agreement at 8–9.

Malauulu argues here that his trial counsel provided ineffective assistance of counsel because he failed to (1) provide discovery and other evidence necessary to make an informed decision about the plea agreement, (2) conduct an adequate pretrial investigation, (3) negotiate a more favorable plea agreement, (4) request an evidentiary hearing to determine which transactions and the amount of drugs Malauulu should have been held accountable for, (5) file additional Presentence Report ("PSR") objections, and (6) communicate and inform him of the consequences of his plea.[1] Mot. at 2. The government moves to dismiss the § 2255 motion, arguing claims (1) through (5) above were waived under the plea agreement, and the only non-waived basis for Malauulu's motion, claim (6), does not satisfy the incompetence or prejudice required for him to prevail. Opp'n at 5–6.

II.     LEGAL STANDARD

   A.     28 U.S.C. § 2255

A federal prisoner collaterally attacking the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, filed in the court that imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, a federal court may grant relief "if the sentence was imposed in

---

[1] For clarity of presentation here, the court reorders Malauulu's claims from the order in which they are presented in his motion. *See* Mot. at 2.

violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citations omitted).

B.  Ineffective Assistance of Counsel

A claim for relief based on ineffective assistance of counsel is comprised of two elements: (1) the defendant must show counsel's performance was so seriously deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the defendant must show counsel's deficient performance was prejudicial to the outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Analyzing the first prong, the court must apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689.  In determining whether counsel was within this range, "hindsight is discounted by pegging adequacy to 'counsel's perspective at that time' [that] investigative decisions are made and by giving a 'heavy measure of deference to counsel's judgment.'" *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (quoting *Strickland*, 466 U.S. at 691).  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Errors by counsel, even if outside the range of reasonable professional assistance, do not warrant setting aside a judgment if the error would have had no effect on the judgment. *Strickland*, 466 U.S. at 691.

III.   DISCUSSION

Malauulu's first five claims are barred by his waiver of right to collateral attack in the plea agreement.  The sixth claim must also be dismissed for defendant's failure to show ineffective assistance of counsel warranting relief.  As explained below, because Malauulu's waiver was made knowingly, voluntarily and was not itself tainted by the ineffective assistance of counsel, it is enforceable.  Waiver notwithstanding, his ineffective assistance of counsel allegations lack merit.

A.     Waiver

A knowing and voluntary express waiver of the right to collateral attack under § 2255 in a plea agreement is enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993); *see also United States v. McTiernan*, 552 F. App'x 749, 750 (9th Cir. 2014) (holding waiver of right to collateral attack in plea agreement was "unambiguously stated and knowingly and voluntarily made, and so [wa]s valid and enforceable" (citing *Abarca*, 985 F.2d at 1014)). Waivers of appellate rights or the right to collateral attack are unenforceable, however, with respect to ineffective assistance of counsel claims challenging the voluntariness of the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005); *see also United States v. Chan*, 721 F. App'x 728 (9th Cir. 2018); *cf. United States v. Magueflor*, 220 F. App'x 603, 604–05 (9th Cir. 2007) (noting counsel's ineffective assistance occurring after defendant signs plea agreement cannot retroactively invalidate agreement's waiver of right to collaterally attack sentence; ineffective assistance of counsel must occur prior to entry of plea); *Martinez- Carranza v. United States*, No. 1:13-CR-00107-AWI, 2015 WL 2159821, at *4 (E.D. Cal. May 7, 2015), *aff'd*, 693 F. App'x 672 (9th Cir. 2017) ("Because the alleged ineffectiveness relates to the events leading up to the [post-plea] safety valve meeting and not to the plea agreement itself, the waiver clause applies.").

The Ninth Circuit has not addressed the enforceability of waivers of collateral attack for claims of ineffective assistance of counsel not implicating the voluntariness of the waiver, but other district courts in the circuit have expressed considerable skepticism. *See Ceja v. United States*, 2010 WL 4806904, at *2-3 (E.D. Cal. Nov. 18, 2010) ("[B]road application of a rule that exempts claims of ineffective assistance of counsel from plea agreement waivers undercuts the value of waivers generally since almost any habeas claim can be cast in terms of ineffective assistance of counsel.") (citing *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (expressing concern per se rule exempting ineffective assistance of counsel claims from waiver renders waiver meaningless)); *see also Pastoriza-Valerio v. United States*, 2009 WL 69326, at *5 (S.D. Cal. Jan. 9 2009) ("A defendant may not 'dress up' a claim as a Sixth

4

Amendment violation when 'in reality he is challenging the correctness of his sentence.'" (quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998)).

In determining whether a defendant knowingly and voluntarily waived a right in a plea agreement, courts consider the "circumstances surrounding the signing and entry of the plea agreement . . . ." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citation and internal quotation marks omitted).

Here, Malauulu's waiver of the right to collateral attack was express, knowing and voluntary. He entered into the plea agreement on January 18, 2017. *See* Plea Agreement. The agreement contained an express general waiver of his right to appeal and to file a motion to attack his sentence under § 2255. *Id.* at 9. As noted above, a general waiver waives the right to bring an ineffective assistance of counsel challenge except insofar as the ineffective assistance taints the voluntariness of the plea itself. *Washington*, 422 F.3d at 871. At Malauulu's change of plea hearing the government summarized the nature of the plea agreement and explicitly called out the provision in the agreement whereby "[t]he defendant waives his rights to appeal under 2255, as long as his sentence does not exceed 20 years"; in response to the court's subsequent inquiries, Malauulu confirmed the government's summation of the agreement was accurate, he understood the agreement and its consequences and he was not threatened or coerced into entering the agreement. *See* Plea Hr'g Tr. at 7:14–8:17, ECF No. 168.

Nothing in Malauulu's first five claims attacks the voluntariness of his plea agreement. Claims (1), (2) and (3)—that counsel failed to (1) provide discovery and other evidence necessary to make an informed decision, (2) conduct an adequate pretrial investigation, (3) negotiate a more favorable plea agreement—pertain to counsel's conduct prior to or in preparation for execution of the agreement; thus, these claims are subject to waiver. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Claims (4) and (5)—that counsel failed to (4) request an evidentiary hearing to determine transactions and drug amounts for which Malauulu should be held

accountable for, and (5) file additional Presentence Report ("PSR") objections—concern events taking place, or that he believes should have taken place, after the execution of the plea agreement. These claims are also subject to waiver. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (holding plea waiver equally applies to ineffective assistance of counsel claims relating to sentencing).

For these reasons, the court finds Malauulu's waiver of the right to collateral attack was knowing and voluntary, and he does not point to facts showing the waiver itself was tainted by ineffective assistance of counsel. Thus, the waiver is enforceable and bars the collateral attack here.

B.   Ineffective Assistance of Counsel

The government concedes Malauulu raises one claim pointing to his counsel's performance during plea negotiations, calling for the court to conduct *Strickland's* ineffective assistance analysis. Opp'n at 13. This claim is that counsel failed to inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial. Mot. at 13; Opp'n at 13. As presented to the court, without any evidentiary support, these claims fail to meet the standard set forth in *Strickland*.

Malauulu argues "there was not any reasonable communication from the beginning of his case between [him] and his attorney" and his attorney provided no consultation "about the means to be used to accomplish his objectives other than to push him into pleading guilty." Mot. at 13. He further claims his attorney's strategy was to maximize sentence reduction through cooperation and "snitch[ing]," and that he never discussed a defense strategy or the possibility of trial. *Id.* at 14. Had he been properly advised, Malauulu argues he would have accepted the 15–18 year sentence offered by the government, rather than the 13–20 year offer in connection with his attorney's assurance the court would not elect to impose the upper end of that sentence. Resp. at 8.

These arguments appear to attack the strategy employed by Malauulu's counsel to broker the best possible deal in light of competing factors, including counsel's assessment that Malauulu had no viable affirmative defense, rather than identifying any Constitutionally deficient

representation. *See* Resp. at 7. "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable' under *Strickland*." *Ayala v. Chappell*, 829 F.3d 1081, 1103 (9th Cir. 2016) (alteration in original) (quoting *Strickland*, 466 U.S. at 690). Malauulu offers no evidence his counsel's defense strategy fell below the applicable standard.

Moreover, Malauulu fails to show prejudice. He appears to suggest he was prepared to accept a different offer the government made at some point, for a range of 15–18 years imprisonment, which would have guaranteed a different sentencing outcome with an 18-year cap. Resp. at 7. Ultimately, however, nothing in the record suggests his agreement to the 13-20 year range was uninformed or involuntary, and given that it allowed for the possibility of a lower sentence of 13 years, the range makes some strategic sense. Bottom line, Malauulu's position does not accept responsibility for the plea agreement's express contemplation of the possibility the court might impose a 13 to 20 year sentence. Plea Agreement at 2, 7. Fundamentally, even assuming counsel's purported "assur[ance] [] that the district court judge would not sentence[] him to 20 years," Resp. at 8, which would have been ill-advised given that counsel can never predict what the sentencing court will do, the plea agreement explicitly provided for the possibility of a 20 year sentence, and Malauulu knowingly and intelligibly accepted that possibility by signing the agreement and agreeing to it in open court. *See* Plea Hr'g Tr. at 7:21–8:10 ("It's an 11(c)(1)(C) agreement to a term of imprisonment between 13 and 20 years. If the court should decide to sentence the defendant in excess of 20 years, the defendant would be entitled to withdraw his plea, and if he were sentenced to less than 13 years, the government would be entitled to withdraw the plea agreement."). Malauulu fails to show he was prejudiced by his counsel's performance and thus fails to satisfy an essential requirement under *Strickland*. *Strickland*, 466 U.S. at 691.

The remaining component of Malauulu's ineffective assistance claim relates to sentencing and is therefore subject to waiver, as discussed above. *See* Resp. at 8–9 (claiming trial counsel failed to object to 4-level leadership role affecting criminal history category and imprisonment range); *Nunez*, 223 F.3d at 959.

7

C. Certificate of Appealability

A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As the court has reviewed, the bulk of Malauulu's contentions are barred by waiver because they do not implicate the voluntary nature of the plea agreement itself. Moreover, his ineffective assistance of counsel claim fails because it is based on conclusory, wholly unsupported assertions and he has not shown the alleged deficient behavior was prejudicial to his case. On this record, the court finds that jurists of reason would not debate whether the petition states a valid claim, nor could they find it debatable whether the court is correct in its ruling. Thus, no certificate of appealability will issue.

IV. CONCLUSION

Defendant's motion to correct or set aside his sentence under 28 U.S.C. 2255, ECF No. 215, is DENIED. The Clerk of Court is directed to close the companion case 2:19-cv-0645-KJM. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: July 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE