UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 15-cr-00124 KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Epati Malauulu, | |
| Defendant. | |

Defendant Epati Malauulu renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes. The court **denies** the motion.

I. BACKGROUND

The court explained the background of the case in its previous order, Prev. Order at 1–2, ECF No. 270, and briefly summarizes it here. In 2017, Mr. Malauulu pled guilty to one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine. Judgment at 1, ECF No. 137. The court sentenced him to a 240-month term of imprisonment and sixty months of supervised release. *Id.* at 1–3. Mr. Malauulu is currently incarcerated at FCI Lompoc and as of this writing has served more than twenty-nine percent of his 240-month sentence. *See* BOP Public Information Inmate Data at 3, Ex.1, Opp'n, ECF No. 282-1.

/////

1

The court denied Mr. Malauulu's original motion for compassionate release. *See generally* Prev. Order. Mr. Malauulu renewed his motion, Mot., ECF No. 277, and the government has opposed, Opp'n, ECF No. 282. The matter is fully briefed. Reply, ECF No. 286.

## II. LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The defendant must first exhaust administrative remedies. *Id.* §§ 3582(c)(1)(A). If a defendant has exhausted administrative remedies, the analysis is twofold. First, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018). The Ninth Circuit recently has clarified: "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda,* No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). Thus, the court here adheres to its prior practice of considering the Sentencing Commission's policy statement as guidance, recognizing that applying the policy statement is not required.

Although the Ninth Circuit has not decided which party "bears the burden in the context of a motion for compassionate release brought pursuant to § 3582(c) as amended by the [First Step Act], district courts that have done so have agreed that the burden remains with the defendant." *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021).

/////

## III. ANALYSIS

In the court's previous order, the court found Mr. Malauulu's medical conditions combined with the high level of infection at FCI Lompoc provided extraordinary and compelling reasons so as to support granting his request under § 3582(c). Prev. Order at 3–6. However, the court denied Mr. Malauulu's motion for release because, in considering the § 3553 sentencing factors and in its discretion whether the defendant's release would put the community at risk, the court found Mr. Malauulu presented a danger to the community that could not be overcome by the release plan he presented. Prev. Order at 6–8. "To consider granting release, the court would need to see a more well developed plan to fill in the gaps and demonstrate how defendant proposed to occupy his time, support himself, and avoid future criminality, given his recidivist criminal history." *Id.* at 8.

Mr. Malauulu now provides additional details of his release plan in this renewed motion. Mot. at 3–5. He explains he proposes to live with his wife and children, utilize his wife's medical coverage for counseling and healthcare, and work for a family member who has offered him both a job and transportation to his new workplace. Mot. at 3–4 (citing Exhibits B and C). He also has reached out to a voluntary drug program to explore attending classes if released. *Id.* at 4. The government argues the voluntary nature of the drug program has limited value in preventing relapse. Opp'n at 12. In his reply, Mr. Malauulu points to information contained in the Presentence Investigation Report (PSR) prepared for the court at the time of sentencing; the PSR notes he stopped using drugs in 2014 and that he still would "be amenable to entering whatever drug treatment satisfies the Court and the Probation Office." Reply at 4–5.

Ultimately while Mr. Malauulu's release plan is more robust, it does not overcome the court's concerns regarding the risk of danger he poses to the community. As the government points out, it appears Mr. Malauulu proposes to return to the residence that served as the base of the criminal activity underlying his conviction. Opp'n at 12. While the defense raises questions about whether in fact the current release plan proposes the same residence, Reply at 4, it does not address the issue head on so as to resolve any dispute in Mr. Malauulu's favor, given that it is his burden to demonstrate he qualifies for release. Moreover, the defense does not appear to dispute

that Mr. Malauulu plans to reside with the same family members with whom he lived at the time he committed his conviction offense, or explain how his release plan provides the structure and other disincentives needed to prevent his recidivating again. *Id.*; Opp'n at 12.

Accordingly, the court finds the sentencing factors continue to weigh against Mr. Malauulu's release, notwithstanding his proposed release plan.

**IV. CONCLUSION**

The court **denies** Mr. Malauulu's renewed motion for compassionate release.

This order resolves ECF No. 277.

IT IS SO ORDERED.

DATED: May 5, 2021.

CHIEF UNITED STATES DISTRICT JUDGE